# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

**BUCKHORN INC., et al.,**

        Plaintiffs,

-v-

**ORBIS CORPORATION, et al.,**

        Defendants.

Case No. 3:08-cv-459

Judge Thomas M. Rose

### ENTRY AND ORDER GRANTING PLAINTIFFS' MOTION TO DISMISS DEFENDANTS' THIRD COUNTERCLAIM (Doc. #26)

This is a patent case brought by Plaintiffs Buckhorn Inc. ("Buckhorn") and Schoeller Arca Systems, Inc. ("Schoeller") against Defendants Orbis Corporation and Orbis Material Handling, Inc. (collectively "Orbis") and Defendants Does 1 through 6. (Doc. #18.) Plaintiffs' Complaint brings one cause of action for infringement of U.S. Patent Number 5,199,592 (the "'592 Patent").

Orbis has filed an Answer and Counterclaims. (Doc. #22.) Orbis's First Counterclaim is for non-infringement of the '592 Patent. The Second Counterclaim is for invalidity of the '592 Patent. The Third Counterclaim is for "failure to conduct mandated pre-suit investigation." The Fourth and final Counterclaim is for patent misuse against Buckhorn.

Now before the Court is Plaintiffs' Motion To Dismiss Orbis's Third Counterclaim pursuant to Fed. R. Civ. P. 12(c). (Doc. #26.) This motion is now fully briefed and ripe for decision. The Standard of Review will first be set forth followed by an analysis of the Motion.

## STANDARD OF REVIEW

Fed. R. Civ. P. 12(c) provides that a party may move for judgment on the pleadings after

the pleadings are closed but early enough not to delay trial. A motion for judgment on the pleadings attacks the sufficiency of the pleadings and is reviewed under the same standards applicable to a motion to dismiss brought pursuant to Rule 12(b)(6). *Ziegler v. IBP Hog Market, Inc.,* 249 F.3d 509, 511-12 (6th Cir. 2001).

A complaint need not set down in detail all of the particulars of a plaintiff's claim. *Charvat v. Echostar Satellite, LLC*, 621 F. Supp.2d 549, 553 (S.D. Ohio 2008). Only a "short and plain statement of the claim showing that the pleader is entitled to relief" is required. *Id.*(citing Fed. R. Civ. P. 8(a)(2)). However, the complaint must contain either direct or inferential allegations regarding all of the material elements of some viable legal theory. *Id.*

When ruling on a motion for judgment on the pleadings, the Court must accept all well-pleaded material allegations as true and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment. *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007)(citing *Southern Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 479 F.2d 478, 480 (6th Cir. 1973)). However, legal conclusions and unwarranted factual inferences need not be accepted as true. *Id.* at 581-82. Thus, when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law, a Rule 12(c) motion is granted. *Paskvan v. City of Cleveland Civil Service Commission*, 946 F.2d 1233, 1235 (6th Cir. 1991). Judgment as a matter of law is also granted when there is an absence of law to support a claim of the type made. *Mayrides v. Delaware County*, No. 2:08-CV-535, 2009 U.S. Dist. LEXIS 94880 at *7 (S.D. Ohio Sept. 24, 2009).

## ANALYSIS

The Plaintiffs' assert that Orbis's Third Counterclaim for "failure to conduct mandated

pre-suit investigation" should be dismissed because it has no viable legal basis. Specifically, the Plaintiffs assert that the only implication from the allegations in the Counterclaim is that the legal basis is either Fed. R. Civ. P. 11 or 35 U.S.C. § 285 and neither provide a legal basis for the Third Counterclaim. Orbis responds that their Third Counterclaim is a viable cause of action for unfair competition.

In their Third Counterclaim, Orbis asserts that a party is required to make a reasonable investigation into the allegations set forth in its pleadings. Orbis further asserts that the Court of Appeals for the Federal Circuit requires Plaintiffs' counsel to apply the claims of the '592 Patent to the allegedly infringing device(s) and conclude that there is a reasonable basis for a finding of infringement of at least one claim of the '592 Patent. Finally, Orbis asserts that Plaintiffs have failed to review the Patent & Trademark Office's file history for the '592 Patent and filed this lawsuit without conducting the necessary pre-suit evaluation that is required by the Court of Appeals for the Federal Circuit.

Orbis cites other courts that Orbis says have recognized their Third Counterclaim as being a viable cause of action for unfair competition. Orbis first cites *Moore U.S.A., Inc. v. Standard Register Co.*, 139 F. Supp.2d 348 (W.D.N.Y. 2001), wherein the District Court for the Western District of New York found that defendant's counterclaim that plaintiff recklessly brought suit without conducting the necessary investigation is a viable cause of action to the extent that the defendant can base its claim for unfair competition on allegations of bad faith litigation. *Moore*, 139 F. Supp.2d at 361. The Court went on to say that New York does not recognize bad faith litigation as a type of unfair competition. *Id.*

The second case cited by Orbis is *The Gleason Works v. Oerlikon Geartec, AG*, 141 F.

Supp. 2d 334 (W.D.N.Y. 2001), wherein the District Court for the Western District of New York found that, "while it is not clearly established, there is at least some authority to support a claim of unfair competition against a patentee who commences a patent infringement action in bad faith. *Gleason*, 141 F. Supp.2d at 338. Again the Court found that allegations regarding patent infringement would not constitute unfair competition under New York law.

The third case cited by Orbis is an Ohio case, *Microsoft Corp. v. Action Software*, 136 F. Supp.2d 735 (N.D. Ohio 2001). Therein, the District Court for the Northern District of Ohio found that Ohio recognizes that lawsuits filed with the intent to gain an unfair advantage over a competing business are a basis for a common law suit for unfair competition. *Microsoft*, 136 F. Supp.2d at 739. Further, the tort of unfair competition could include the initiation of litigation not brought in good faith but brought for the purpose of destroying a rival. *Id.*

Orbis has shown that Ohio recognizes lawsuits for unfair competition. However, Orbis does not cite any cases which provide analysis or guidance on the elements or factual allegations required for an Ohio unfair competition claim.

An Ohio unfair competition claim generally "consists of representations by one person for the purpose of deceiving the public, that his goods are those of another." *Curcio Webb LLC v. National Benefit Programs Agency, Inc.*, 367 F. Supp.2d 1191, 1212-13 (S.D. Ohio 2005)(quoting *Water Management, Inc. v. Stayanchi*, 472 N.E.2d 715, 717 (Ohio 1984)). Orbis's Third Counterclaim says noting about representations for the purpose of deceiving the public.

However, the common law tort of unfair competition in Ohio also extends to commercial practices such as malicious litigation, circulation of false rumors or publication of statements, all designed to harm the business of another. *Id.* at 1213. Orbis's Third Counterclaim says nothing

about circulation of false rumors or publication of statements. Therefore, Orbis has stated a claim recognized by law only if it has pled a malicious litigation claim.

Malicious prosecution, as applied to this case, is the institution of a civil proceeding for an improper purpose and without probable cause. *Black's Law Dictionary* (8th ed. 2004). Thus, the Court will assume that malicious litigation is the same as malicious civil prosecution.

There are four elements that must be proven to satisfy an Ohio malicious civil prosecution claim. *Robb v. Chagrin Lagoons Yacht Club, Inc.*, 662 N.E.2d 9, 13 (Ohio 1996). They are: (1) malicious institution of prior proceedings against the plaintiff by the defendant; (2) lack of probable cause for the filing of the prior lawsuit; (3) termination of the prior proceedings in plaintiff's favor; and (4) seizure of plaintiff's person or property during the course of the prior proceedings. *Id.*(citing *Crawford v. Euclid National Bank*, 483 N.E.2d 1168 (Ohio 1985)). Thus, a party who brings a malicious prosecution claim must show that there was a previous litigation and that it terminated in his or her favor. *Yaklevich v. Kemp, Schaeffer & Rowe Co.*, L.P.A., 626 N.E.2d 115, 119 n.4 (Ohio 1994).

Orbis's Third Counterclaim says nothing about or remotely related to a prior lawsuit and says nothing about or remotely related to a seizure of its property. Thus, Orbis's factual pleadings do not provide the elements of an Ohio malicious prosecution claim. Therefore, even assuming the factual allegations made by Orbis in its Third Counterclaim to be true, Orbis has not stated or even identified a claim upon which relief may be granted. Plaintiffs' Motion To Dismiss Orbis's Third Counterclaim is GRANTED.

**DONE** and **ORDERED** in Dayton, Ohio this Twenty-Second day of February, 2010.

> **s/Thomas M. Rose**
> _____
> THOMAS M. ROSE
> UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record