# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

BUCKHORN, INC., et al.,

      Plaintiffs,              :          Case No. 3:08-cv-459

                                         District Judge Timothy S. Black
    -vs-                                  Magistrate Judge Michael R. Merz

                              :

ORBIS CORPORATION, et al.,

      Defendants.

## DECISION AND ORDER DENYING MOTION TO AMEND AND GRANTING MOTION TO STRIKE

This case is before the Court on Plaintiff's Motion for leave to file a second amended complaint (Doc. No. 56).

The general standard for considering a motion to amend under Fed. R. Civ. P. 15(a) was enunciated by the United States Supreme Court in *Foman v. Davis*, 371 U.S. 178 (1962):

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.  In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of any allowance of the amendment, futility of amendment, etc.
> -- the leave sought should, as the rules require, be "freely given."

371 U.S. at 182.   In considering whether to grant motions to amend under Rule 15, a court should consider whether the amendment would be futile, i.e., if it could withstand a motion to dismiss under Rule 12(b)(6). *Hoover v. Langston Equip. Assocs.,* 958 F.2d 742, 745 (6th Cir. 1992); *Martin v.*

*Associated Truck Lines, Inc.,* 801 F.2d 246, 248 (6th Cir. 1986); *Marx v. Centran Corp.*, 747 F.2d 1536 (6th Cir. 1984); *Communications Systems, Inc., v. City of Danville*, 880 F.2d 887 (6th Cir. 1989). *Roth Steel Products v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983); *Neighborhood Development Corp. v. Advisory Council*, 632 F.2d 21, 23 (6th Cir. 1980). Likewise, a motion to amend may be denied if it is brought after undue delay or with dilatory motive. *Foman v. Davis*, 371 U.S. 178 (1962)*; Prather v. Dayton Power & Light Co.*, 918 F.2d 1255, 1259 (6th Cir. 1990). In *Brooks v. Celeste*, 39 F.3d 125 (6th Cir. 1994), the court repeated and explicated the *Foman* factors, noting that "Delay by itself is not a sufficient reason to deny a motion to amend. Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted. *Id.* at 130, quoting *Head v. Jellico Housing Authority*, 870 F.2d 1117, 1123 (6th Cir. 1989).

As noted by Defendant, Plaintiff's Motion violates several local rules. First of all, it was filed without compliance with S. D. Ohio Civ. R. 7.3. This rule is vigorously enforced in this Court to attempt to obtain cooperation among counsel in management of cases. Indeed, if the Court had examined the Motion when it was filed instead of waiting until briefing was complete, the Motion would have been stricken for noncompliance with S. D. Ohio Civ. R. 7.3, that being the Court's standard practice.

Secondly, the Motion violates S. D. Ohio Civ. R. 7.2(a)(1) in that it is not accompanied by a memorandum in support. Again, as Defendant points out, Plaintiff attempts to explain its position and justify its action in its Reply Memorandum without having first justified its Motion. For that reason, Defendant's Motion to Strike the Reply (Doc. No. 66) is GRANTED.

The Court further finds that Defendant would be substantially prejudiced by the delay which would be occasioned by allowing the amendment. As Defendant notes, this case was, at the time the Motion was filed, twenty months old, and is now nearly two years old. Both discovery and the

2

claim construction process have proceeded on the assumption that only one patent was involved. Adding claims involving two additional patents at this stage would largely require the process to start over.

      Accordingly, the Motion to Amend is DENIED.

November 27, 2010.

s/ **Michael R. Merz**
United States Magistrate Judge
