UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BUCKHORN INC., *et al.*,

    Plaintiffs,

vs.

ORBIS CORPORATION,

    Defendant.

Case No. 3:08-cv-459

Judge Timothy S. Black

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS (Doc. 228)**

This civil action is before the Court on Defendant's motion to dismiss for lack of standing pursuant to Fed. R. Civ. P. 12(b)(1) (Doc. 228), and the parties' responsive memoranda (Docs. 240, 251).

## I. BACKGROUND FACTS

The Federal Circuit recently confirmed that an exclusive licensee has no standing to sue a party for infringement where, as here, that party either holds a preexisting license under the patent to engage in the allegedly infringing activity or has the ability to obtain such a license. *WiAV Solutions LLC v. Motorola, Inc*., 631 F.3d 1257, 1266-67 (Fed. Cir. 2011).

Here, as this Court found, Defendant Orbis Material Handling ("OMH") was licensed to U.S. Patent No. 5,199,592 ("the '592 patent") when Plaintiff Buckhorn, Inc. ("Buckhorn") filed this patent infringement suit claiming rights as the beneficiary of a co-exclusive license. (Doc. 216). This Court also found that Defendant Orbis obtained a license to the '592 patent from OMH, its wholly owned subsidiary, and thus necessarily

had the ability to and did in fact obtain such a license. (*Id.*) Consequently, because OMH had a preexisting license and because Orbis had the ability to obtain a license at the time suit was filed, Buckhorn had no standing to sue OMH or ORBIS, and this case should be dismissed. *WiAV Solutions LLC v. Motorola, Inc.*, 631 F.3d 1257, 1266-67 (Fed. Cir. 2011).

## II.     STANDARD OF REVIEW

A court may exercise jurisdiction over a patent infringement suit only if the plaintiff has standing to sue on the date the plaintiff files suit. *Abraxis Bioscience, Inc. v. Navinta LLC*, 625 F.3d 1364 (Fed. Cir. 2010) (citing *Keene Corp. v. United States*, 508 U.S. 200, 207 (1993)). If the original plaintiff lacked Article III initial standing (which is considered Constitutional standing), the suit must be dismissed for lack of subject matter jurisdiction, and this jurisdictional defect cannot be cured after inception of the lawsuit. *Id*. (citations omitted). Constitutional standing is a jurisdictional requirement that cannot be waived, and it may be raised at any time. *Zurich Ins. Co. v. Logitrans, Inc.*, 297 F.3d 528, 531 (6th Cir. 2002) (citing Fed. R. Civ. P. 12(h)(3)); *see also Wausau Benefits v. Progressive Ins. Co.*, 270 F.Supp.2d 980, 985 (S.D. Ohio 2003) (rejecting a motion to strike the defendants' subject matter jurisdiction defense in which the plaintiffs argued the defense was untimely and that the court had already ruled on the issue, and explaining that the subject matter jurisdiction defense was not waivable under Rule 12(h)(3) and could be reasserted).

### III.  ANALYSIS

An exclusive licensee has no standing to sue a party for infringement where that party: (1) holds a preexisting license under the patent to engage in the allegedly infringing activity; or (2) has the ability to obtain such a license from another party. *Id*. "In both of these scenarios," the Federal Circuit explains, "the exclusive licensee does not have an exclusionary right with respect to the alleged infringer and thus is not injured by that alleged infringer." *Id*.

Plaintiffs concede that, in light of the Court's recent summary judgment ruling on the Defendant's license claim, their complaint should be dismissed with prejudice. Fed. R. Civ. P. 41(a)(2). Moreover, Plaintiffs have made a covenant not to sue for past infringement and potential damages.[1]

Further, given Plaintiffs' requested dismissal of their claims, Defendant's remaining counterclaims are subject to dismissal without prejudice.[2]

### IV.  CONCLUSION

Accordingly, for the reasons stated herein, Defendant's motion to dismiss is **GRANTED**.

Specifically:

---

[1] *See* Plaintiffs' brief: "The Plaintiffs agree that neither Plaintiff will sue Defendant for infringement of the patent in suit based on any products currently made or sold. Therefore, the Plaintiffs request that their complaint be dismissed with prejudice .... (Doc. 240 at pp. 3-4). Plaintiffs' counsel also represented to the Court at today's status conference that "Plaintiffs covenant not to sue Defendant for past infringement and potential damages."

[2] Plaintiffs' assurances not to sue Defendant for infringement of the patent in suit remove any remaining basis for subject matter jurisdiction of the Defendant's counterclaims. *Intellectual Prop. Dev. Inc. v. TCI Cablevision of California, Inc.*, 248 F.3d, 1333, 1341-42 (Fed. Cir. 2001).

  1. Plaintiffs' complaint is dismissed with prejudice;

  2. Defendant's counterclaims are dismissed without prejudice; and

  3. This case is **CLOSED**.

**IT IS SO ORDERED.**

Date:   2/21/12                *s/ Timothy S. Black*
                           Timothy S. Black
                           United States District Judge