UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| BUCKHORN INC., *et al.*, | : | Case No. 3:08-cv-459 |
| | : | |
| Plaintiffs, | : | Judge Timothy S. Black |
| | : | |
| vs. | : | |
| | : | |
| ORBIS CORPORATION, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**ORDER DENYING BUCKHORN'S MOTION TO DISMISS (Doc. 282)**

This civil action is before the Court on Buckhorn's request for dismissal (Doc. 282), and the parties' responsive memoranda (Docs. 287, 288, 290).

## I.   BACKGROUND FACTS

In December 2008, Buckhorn, represented by Paul Grandinetti, Esq., filed a one-count complaint alleging that Orbis, and its wholly owned subsidiary Orbis Material Handling, Inc. ("OMH"), infringed the '592 patent ("the Initial Complaint").  (Doc. 1). Orbis immediately moved to dismiss the Initial Complaint for lack of standing.  (Doc. 12).  Buckhorn responded with a motion "in the alternative" to join the patent owner, Schoeller Arca Systems, Inc. ("Schoeller").  (Doc. 13).[1]  This alternative request was granted "with the understanding that the patent owner must be joined within 60 days or this case will be subject to dismissal."  (Doc. 17, PageID 135).

---

[1]  Buckhorn's parent company, Myers Industries, and Schoeller entered into a March 8, 2007 Patent License Agreement through which Schoeller granted Buckhorn a co-exclusive license to several patents, including the '592 patent.  (Doc. 13-2).  Myers vested its rights in the '592 patent to its wholly-owned subsidiary Buckhorn.

Schoeller joined with Buckhorn to file jointly an amended one-count complaint on September 18, 2009 ("the Amended Complaint").  (Doc. 18).  Mr. Grandinetti signed the Amended Complaint on behalf of both plaintiffs, identifying himself as "Trial Attorney for the Plaintiffs Buckhorn Inc. and Schoeller Systems, Inc."  (*Id.*)  Mr. Grandinetti has represented both Buckhorn and Schoeller throughout the case, both in this Court and at the Federal Circuit.

On February 21, 2012, the Court dismissed all liability claims.  (Doc. 253).  On April 6, 2012, Orbis filed a motion for attorney fees, based on 35 U.S.C. § 285 and a "fee shifting" provision in an agreement originally between Xytec Plastics, Inc., Perstorp Xytec, Inc. (collectively "Xytec"),[2] and Ropak Corporation ("Ropak") (the "Ropak-Xytec Agreement").  (Doc. 261).  This Court held that Orbis is a successor-in-interest to Ropak in the Ropak-Xytec Agreement.  After this Court denied Orbis' request for fees, Orbis appealed the basis under the Ropak-Xytec Agreement.  (Doc. 273).  The Federal Circuit held that Orbis was entitled to some attorney fees under the terms of the Ropak-Xytec Agreement.  (Doc. 280).

The only remaining issue being litigated is the request for attorney fees by Defendant Orbis pursuant to the "Ropak-Xytec Agreement."  Buckhorn argues that it is not and has never been a signatory, successor-in-interest, or otherwise a party to the Ropak-Xytec Agreement.  Specifically, Buckhorn argues that when it initiated this litigation, Schoeller failed to inform it that Orbis was a licensee.  Therefore, Buckhorn

---

[2] Schoeller is the successor-in-interest to Xytec.

maintains that its presence is no longer relevant to the remaining issues being litigated and its dismissal is appropriate.

## II.     STANDARD OF REVIEW

"Federal Rule of Civil Procedure 21 provides the remedy for the misjoinder of parties." *Harris v. Gerth*, No. 08cv12374, 2008 U.S. Dist. LEXIS 104921 (E.D. Mich. Dec. 30, 2008). Rule 21 thus permits a court to "drop a party" for "misjoinder." Fed. R. Civ. P. 21. Normally, the rule applies only to the "misjoinder" and "non-joinder" of parties. *Scottsdale Ins. Co. v. Subscriptions Plus, Inc.*, 195 F.R.D. 640, 643 (W.D. Wis. 2000). However, the Rule also is used in the absence of misjoinder and non-joinder "to preserve personal jurisdiction, subject matter jurisdiction, and venue, as well as to facilitate transfer to another venue." *Barnes Group, Inc. v. Midwest Motor Supply Co.*, No. 2:07cv1164, 2008 U.S. Dist. LEXIS 110740 (S.D. Ohio Feb. 22, 2008).

Pursuant to Fed. R. Civ. P. 21, "[o]n motion…the court may at any time, on just terms, add or drop a party." *See, e.g., Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 832 (1989) ("[I]t is well settled that Rule 21 invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time, even after judgment has been rendered."). The dismissal of a party is particularly appropriate where that party's "'presence no longer affects the issues being litigated.'" *Letherer v. Alger Group, LLC*, 328 F.3d 262, 266 (6th Cir. 2003) (*overruled on other grounds*) (*quoting Edgar v. City of Chicago*, 942 F. Supp. 366, 370 (N.D. Ill. 1996)). The "discretion delegated to the trial judge to dismiss under Rule 21 is restricted to what is 'just.'" *DirecTV, Inc. v. Leto*, 467

F.3d 842, 845 (3d Cir. 2006).  *See also Harris v. Gerth*, No. 08-cv-12374, 2008 U.S.

Dist. LEXIS 104921, at *5 (E.D. Mich. Dec. 30, 2008) ("federal courts have interpreted

'on just terms' to mean 'without gratuitous harm to the parties'").  "Clearly, the court

may rely on Rule 21 to delete parties that have no connection to the claims asserted."

*Glendroa v. Malone*, 917 F. Supp. 224, 227 n.3 (S.D.N.Y. 1996).

### III.    ANALYSIS

Under the co-exclusive license agreement (the Patent License Agreement

("PLA"), Schoeller has the first right to commence an infringement action against an

alleged infringer.  (Doc. 13-2, PageID 72-73 at ¶ 3.02).  If Schoeller does not commence

the action, Buckhorn has the right to do so, and to control the litigation.  (*Id*.)  If

Schoeller declines to bring an action, but Buckhorn does, the agreement obligates

Schoeller to assist and cooperate, and obligates Buckhorn "to pay all costs associated

with [Schoeller's] cooperation (including, for the avoidance of doubt, any attorney fees)."

(*Id*. at ¶¶ 3.02, 3.03).

Despite Buckhorn's argument that it has "no obligation" for attorney fees, the

unambiguous language of the PLA, pursuant to which Schoeller agreed to become a

nominal plaintiff in this proceeding, requires Buckhorn to pay any fees that may

ultimately be awarded to Orbis.  Specifically, Buckhorn has an obligation to pay any fees

"associated with" Schoeller's cooperation in the maintenance by Buckhorn of an

infringement action.  (PLA at ¶ 3.03).  Buckhorn made a plain and binding promise to

hold Schoeller harmless from any economic burden associated with Schoeller's

participation as a plaintiff in this suit. This contractual obligation establishes Buckhorn's ongoing significance to this lawsuit.[3] These circumstances distinguish this case from each of the cases on which Buckhorn relies in its motion. In none of those cases did the dismissed party instigate, file, and control the litigation of the sole claim in the case.[4]

Moreover, regardless of the contractual language of the PLA, the prosecution of this litigation has been controlled entirely by Buckhorn for its own benefit. Buckhorn cannot now seek dismissal from its own lawsuit and leave Schoeller to foot the bill. The issue of attorney fees presently being litigated exists only because Buckhorn filed this lawsuit and proceeded to prosecute its claims. Schoeller lacks any reasonable ability to respond to the Orbis fee request as an effective outsider to the litigation. Accordingly, the Court finds that Buckhorn's dismissal and absolution from any responsibility for its litigation of this matter is "not just." *DirecTV, Inc.*, 467 F.3d at 845.

---

[3] Schoeller requests that this Court confirm Buckhorn's obligation to pay any fee award that may be entered in favor of Orbis. However, the PLA explicitly states that "any action suit or proceeding arising in connection with this agreement…shall be brought only in…New York and is governed by New York law." (Doc. 13, Ex. 1 at ¶¶ 7.11, 7.12). Therefore, this Court declines to make a declaratory finding or grant Schoeller's request to file a cross-claim regarding the same. At the direction of the Federal Circuit, the only issue before this Court is the amount of attorneys' fees owed to Orbis. Schoeller and Buckhorn can fight about who has to pay those fees in a New York court.

[4] *See, e.g., Letherer v. Alger Group*, 328 F.3d 262 (6th Cir. 2003) (court invoked Rule 21 in remanding the case to state court where the parties previously had stipulated to dismissal of the only non-diverse defendant); *Illinois ex rel. Edgar v. City of Chicago*, 942 F. Supp. 366 (N.D. Ill. 1996) (State of Indiana was granted leave to intervene to defend the constitutionality of one of its statutes but then was dropped as a defendant due to the plaintiff's failure to press any constitutional issue, all in the context of the court's assessment of original and subject matter jurisdiction); *Girdlestone v. Ace*, No. 3:09cv530, 2010 U.S. Dist. LEXIS 87879 (E.D. Tenn. Aug. 25, 2010) (court invoked Rule 21 in removing one defendant and substituting another where the plaintiff mis-named a defendant).

## IV.   CONCLUSION

Accordingly, Buckhorn's motion to dismiss (Doc. 282) is **DENIED**.

**IT IS SO ORDERED**.


Date:  12/30/13                                             */s/ Timothy S. Black*
                                                   Timothy S. Black
                                                   United States District Judge