UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BUCKHORN INC., *et al.*,

    Plaintiffs,

vs.

ORBIS CORPORATION,

    Defendant.

Case No. 3:08-cv-459

Judge Timothy S. Black

**ORDER GRANTING BUCKHORN'S MOTION
TO STAY EXECUTION OF THE JUDGMENT (Doc. 337)**

This civil action is before the Court on Buckhorn's motion to stay execution of the judgment (Doc. 337) and the parties' responsive memoranda (Docs. 344, 345).

## I.     BACKGROUND FACTS

This Court entered judgment in favor of Orbis and against Schoeller and Buckhorn in the amount of $3,042,485.45, and the Court subsequently entered a further judgment for supplemental attorney's fees and expenses totaling $76,193.75.  (Docs. 302, 312). The Court made Schoeller and Buckhorn jointly and severally liable to Orbis for the judgment.  (Doc. 313).  In making that decision, the Court directed that any dispute between Buckhorn and Schoeller as to their respective responsibilities regarding the judgment is governed by New York law and must be decided by a New York court.  (*Id.* at 2).  Buckhorn claims that Schoeller is liable for the entire amount of the judgment, so it

moves the Court to stay execution of the judgment pending appeal without a supersedeas bond.[1]

## II. STANDARD OF REVIEW

"Rule 62(d) entitles a party who files a satisfactory supersedeas bond to a stay of monetary judgment as a matter of right." *Arban v. West Publ'g Corp.*, 345 F.3d 390, 409 (6th Cir. 2003). "The purpose of [Rule 62(d)], which applies to any appealable order requiring payment, is to ensure 'that the prevailing party will recover in full, if the decision should be affirmed, while protecting the other side against the risk that payment cannot be recouped if the decision should be reversed.'" *Cohen v. Metro. Life Ins. Co.*, 334 F. App'x. 375, 378 (2nd Cir. 2009) (*quoting Cleveland Hair Clinic Inc. v. Puig*, 104 F.3d 123, 125 (7th Cir. 1997)). Where a bond is required, "an appellant is entitled to a stay pending appeal as a matter of right." *Barrett v. Detroit Heading, LLC*, No. 05-72341, 2007 U.S. Dist. LEXIS 66583, at *1 (E.D. Mich. Sept. 10, 2007). The Sixth Circuit has held, however, that this "rule in no way necessarily implies that filing a bond is the only way to obtain a stay. It speaks only to stays granted as a matter of right[;] it does not speak to stays granted by the court in accordance with its discretion." *Arban,* 345 F.3d at 409. "[T]he court has no discretion to deny the stay itself, but only to fix the amount of (or to waive) the bond." *Frommert v. Conkright*, 639 F. Supp. 2d 305, 308 (W.D.N.Y. 2009).

---

[1] "If an appeal is taken, the appellant may obtain a stay by supersedeas bond, except in an action described in Rule 62(a)(1) or (2). The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal. The stay takes effect when the court approves the bond." *Id.*

### III.     ANALYSIS

The Sixth Circuit has not defined a specific test to guide the Court's discretion when considering whether to grant an unsecured stay. Courts tend to examine the two-fold purpose of Rule 62(d), namely to balance both parties' interests. First, Rule 62(d) permits an appellant to obtain a stay "to avoid the risk of satisfying the judgment only to find that restitution is impossible after reversal on appeal." *Poplar Grove Planting & Ref. Co., Inc. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir. 1979). Second, for the appellee, Rule 62(d) effectively deprives it of its right to enforce a valid judgment immediately. Consequently, the appellant is required to post the bond to provide both insurance and compensation to the appellee. The supersedeas bond also protects the non-appealing party "from the risk of a later uncollectible judgment" and also "provides compensation for those injuries which can be said to be the natural and proximate result of the stay." *NLRB v. Westphal*, 859 F.2d 818, 819 (9th Cir. 1988). "Because of 62(d)'s dual protective role, a full supersedeas bond should almost always be required." *Poplar Grove*, 600 F.2d at 1190.

The court in *Dillon v. City of Chicago*, 866 F.2d 902 (7th Cir. 1989), considered five factors in determining whether waiver of the bond requirement was appropriate. *Id.* at 904-905. The first two factors address "the complexity of the collection process" and "the amount of time required to obtain a judgment after it is affirmed on appeal." *Id.* Here, Buckhorn and Schoeller are fighting between themselves as to which party is liable to the other for paying Orbis's attorney's fees and expenses, so neither party has paid or agreed to pay the judgment. Instead, Orbis has been forced to incur additional attorney's

3

fees and expenses serving post judgment discovery requests, seeking garnishment orders, and responding to Buckhorn's motion to stay. (*See* Docs. 318-329, 332-343). Accordingly, these factors weigh in Orbis's favor.

The third factor requires assurance that funds will actually be available to pay the judgment, if required. *Dillon*, 866 F.2d at 905. Such assurance can be provided by, among other things, evidence of a previously appropriated fund or a secure account for the payment of judgments, a history of paying judgments expeditiously, circumstances that strongly suggest that the defendant cannot or will not "place its assets beyond the reach of [the] judgment creditor," or the offer of some other security. *Id.* Buckhorn does not evidence any of these assurances. Accordingly, the third factor weighs in Orbis's favor.

The fourth factor is "whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money." *Dillon*, 866 F.2d at 905. Buckhorn argues that it is a wholly owned subsidiary of Myers Industries, Inc., and both Buckhorn and Myers are fully solvent corporations with sufficient assets and credit resources to pay the judgment if the appeal is unsuccessful. (Doc. 337, Ex. A at ¶ 3). Specifically, Buckhorn claims that it has in excess of $88 million in assets. (*Id.*) However, "[w]hen an appellant claims its ability to pay the judgment is so obvious that posting a bind would simply be a waste of money, courts have generally required the appellant to present 'a financially secure plan for maintaining that same degree of solvency during the period of appeal.'" *Hamlin v. Charter Twp. Of Flint*, 181 F.R.D. 348, 353 (E.D. Mich. 1998). Buckhorn only provided its parent company's financial

4

statements.  Financial statements "are merely a look back and not a look forward … [W]hat may clearly appear to be a financially healthy company one day, may become a bankrupt company the next day."  *Monks v. Long Term Disability Benefits Plan*, No. 1:08cv752, 2012 U.S. Dist. LEXIS 63573, at *10 (S.D. Ohio May 7, 2012).

For example, in *Arban*, the Sixth Circuit held that the district court did not abuse its discretion in denying a request for bond when the defendant could clearly satisfy the judgment, noting that, in that case, it would be a waste of money to require a bond.  345 F.3d at 490.  However, the judgment totaled a mere $119,000, and the appellant had annual revenues exceeding $2.5 billion.  That "vast disparity" between the amount of the judgment and the enormous annual revenues of the appellant is what rendered the bond a waste of money.  *Id.*  Here, there is not such a "vast disparity" between the $3.1 million judgment and Buckhorn's alleged $88 million in assets.  In fact, most courts have required bonds even when the defendant clearly had the ability to pay.  *See, e.g., Monks*, 2012 U.S. Dist. LEXIS 63573 at 10 ("[t]he fact that Defendant is administered by a Fortune 500 company is not enough to secure waiver of the bond.").[2]  Therefore, the fourth factor also weighs in Orbis's favor.

Accordingly, the Court finds that Buckhorn has failed to demonstrate the existence of any extraordinary circumstances that warrant obviating a bond.  Orbis requests a $3.5 million dollar bond (to cover the $3.1 million judgment and fees and costs associated

---

[2] *See also United States ex rel. Goner v. Gen. Dynamics*, No. 4:01cv634, 2006 U.S. Dist. LEXIS 92512, at *3 (N.D. Ohio Dec. 21, 2006) ("It does not follow that courts must grant an unsecured stay when the movant clearly can pay the judgment.  To so conclude would obliterate Rule 62(d)'s dual protection functions; Rule 62(d) establishes the appellant's right to a stay but also the appellee's right to have a bond posted securing the stay").

with obtaining the judgment).  However, given that: (a) Orbis has already secured a $122,903.41 garnishment against Schoeller (Doc. 339); (b) Buckhorn may not be liable for the judgment; (c) Schoeller is jointly and severally liable; and (d) Buckhorn has evidenced financial solvency, the Court finds that a bond of $3,000,000 is sufficient, but not greater than necessary, to satisfy the purpose of Rule 62(d).

### IV.  CONCLUSION

Therefore, Buckhorn is ordered to post a bond of $3,000,000.  Execution upon and enforcement of the Court's Orders granting costs, fees, and expenses (Docs. 302, 312) are **STAYED** pending appeal (upon filing of the bond).

**IT IS SO ORDERED**.

Date:  9/3/14

*s/ Timothy S. Black*
Timothy S. Black
United States District Judge